The first case today is 13-1508, United States v. Ademir Castro-Vazquez. Go ahead, Ms. Beckman. May it please the Court, good morning. Sharon Beckman on behalf of Ademir Castro-Vazquez. Violations of Mr. Castro-Vazquez's Sixth and Fourteenth Amendment rights rendered his plea unknowing and involuntary. And two cases of this Court explain why. Mercedes de la Cruz and Gaffney. Mercedes de la Cruz held that defense counsel's failure to file a timely motion to suppress is ineffective assistance of counsel. And that is exactly what the District Court said happened here. It refused to hear the meritorious and dispositive motion to suppress because appointed counsel filed it too late. Although it is rare... Is your position that it was filed timely or that it was filed too late? Well, those are two roads that lead to the same path. Either of those things could have happened. So either, as the District Court said, the motion was untimely. Or, on the other hand, for the reasons I argue also in my brief, if the motion was timely, then the Sixth Amendment violation was as a result of the District Court's orders. But if the latter is the case, then you've got to get by the Tollett and Henderson law because we've got no developed record in this case from which we can say that if the motion was timely, there was a Sixth Amendment violation. What we argue in the brief, Your Honor, is that there was more than one kind of Sixth Amendment violation. So, first of all, if the District Court's abuse of discretion prevented defense counsel from filing the motion on time, that is a deprivation of the right to counsel. And also, where the District Court did not allow defense counsel sufficient time to confer with her client before the change of plea, that's another violation of the Sixth Amendment right to counsel. But you want us to make essentially factual determinations because we've got a record in which a client says that he's satisfied, says in the District Court, that he's satisfied with the time he spent with counsel and with the representation by counsel. So, I appreciate very much Your Honor's point that it's very unusual or rare for the court to decide an ineffective assistance of counsel claim on direct appeal. When it hasn't been raised below. That's correct. But that was the case in Mercedes and I submit, Your Honor, But Mercedes was a different case. Mercedes wasn't the case of any alleged judicial error. Mercedes was a case where there was no motion to suppress file. None at all in a case where a motion to suppress was obviously warranted. None at all. So, it was strictly counsel's decision. It was a classic ineffective assistance case. And the government admitted in Mercedes that there was no strategic reason for counsel to have withheld the filing of a motion to dismiss. That's simply not this case. Well, Your Honor, I think I'm pursuing parallel tracks here. So, first of all, I submit that the record with respect to ineffective assistance of counsel is as clear as it will ever be. And, in fact, is as clear or more clear when the record What's the ineffective action? Is it the fact that they didn't raise the suppression motion or the timeliness of the filing of the suppression motion? Yes. So, that the motion was filed too late. But how on that is there a record for us to decide with respect to the tardiness or not of the filing? Because the judge ruled it untimely and that was the basis for the refusal to hear it. That's a point about whether it was timely filed or not. But to overcome the plea, we need to say that there was an ineffective assistance of counsel with respect to the timing of the filing, right? The substance of whether they filed or not is not the question. The question is it was ineffective to file too late. Yes. But what's our record for evaluating whether or not she actually was too late and it's really on her or, as you suggest in her brief, there's understandable reasons why it took her that long. Well, so, first of all, the record that it's too late is that there was a magistrate scheduling order in place and that this was filed after the deadline for motions and without a specific request to file a late motion. I thought your position was that it was compliant with the magistrate's judge's order. Under Rule 12, if there was no specific order here, it just had to be filed before trial. It was filed the night before. That sounds as though it was filed before trial. So why, if you're correct, that it was timely filed, what's the ineffective assistance of counsel claim? Well, there was a second deprivation of ineffective assistance of counsel. So if the district court judge was correct that the lawyer filed the motion too late, then that's ineffective assistance of counsel. Okay, but what if it was filed on time? And if it was filed on time, then the ineffective assistance of counsel is in the judge's refusal to give defense counsel more than five minutes to talk to her client about the alternatives that the district court was presenting in terms of preserving the motion to suppress. So the court denied the motion to suppress in the sense of refusing to hear it pretrial, refused counsel's request to enter a conditional plea, and instead offered the alternative that the defendant could raise his motion to suppress unconstitutionally seized evidence in a Rule 29 motion. So is your contention that the district judge, assuming the timely filing, is your contention that the district judge violated Rule 12 by not ruling on the suppression motion before trial? Yes. And how can you raise that given the plea? Because in addition to that, there's a second violation of ineffective assistance of counsel in the not giving counsel sufficient time to advise her client. That's an error of the judge, though. What's the ineffective assistance of the counsel? But it still is a deprivation of the Sixth Amendment right to effective assistance of counsel. So the Sixth Amendment. You can allege that it's a deprivation, but it requires proof. You keep saying counsel was given five minutes. The transcript of the proceedings indicates that there was considerably more than five minutes that elapsed between the time the court recessed and the time the court reconvened to take the plea. Well, the record indicates that counsel didn't even have the opportunity to begin to counsel her client until it was almost 11 o'clock. And by 11.07, she's reporting to the court, he's still at the cell block but is going to plead. And during that time, the judge is repeatedly saying, you know, you have three minutes. I'm bringing in the jury. This was a very pressurized situation. And I submit that nobody could explain to a client in that short period of time the legal significance of court time. So if I understand, that's not an ineffective assistance claim. That's a knowing waiver claim. That's a violation of this. That's a claim that there's no way we should treat the plea as knowing, because there simply wasn't enough time for him to, actually, even despite what he said, that we should just find, given the extreme circumstances he was under in making that judgment, it couldn't be deemed a knowing plea. Yes, because there wasn't effective, the court did not permit the conditions for effective assistance of counsel. And, in fact, that was one of the arguments in Gaffney. Just on that point, presumably the counsel and the defendant were able to speak in the many days leading up to this very pressured five-minute period. Well, first, yes. And if that's right, I guess just a question for you. It was certainly knowable that the judge was going to deny the opportunity to have the suppression hearing before trial. He had signaled that time was short, so she couldn't have gone into that moment right before trial absolutely guaranteed to win and have the judge say, you're going to have the suppression motion beforehand. And so I guess my question is, although that was a pressured time, wasn't there plenty of time for the defendant to think about what he would do if they weren't going to hold the suppression hearing before trial? Would he plea or not? And doesn't that factor into whether we should credit that it was a knowing waiver given that it played out as one might have expected? He denied the right to have the suppression hearing before the trial. Okay, now what are you going to do? I plea. He seems grudging about it. The judge says, do you really plea? Yes, I plea. Okay, so I think that's not correct for two reasons. The first is that the motion wasn't even filed until, you know, as the court says, hours before the trial date. Right, but she had asked for time many days before, as I understood it. Right, at the status conference. So that means she's already thinking about, I'm going to try and set up a suppression hearing pretrial. That's many, many days before. You'd have to think that I might lose in my effort to have it many days before. Right? No? I don't know. I just think that's a lot of speculation based on things I've read in the records. And speculation is because there's no developed record. We don't, if there were a developed record on what you now claim is ineffective assistance, we would know what counsel was thinking, what counsel did, what counsel told her client. Right? Those are all things that we can only conjecture about on a record in this state of development.  I think one thing that counsel could not have anticipated was the court offering the opportunity to file a rule, to raise a suppression issue in a Rule 29 motion. Is your contention that the ineffective assistance of counsel resulted from the failure to argue that under Rule 12 the judge was obligated to decide the motion before trial? Yes. Absolutely, Your Honor. That's another way in which counsel was ineffective, by failing to give a substantive reason why the motion was timely. And to argue that since it was timely, the judge was obligated to decide it under Rule 12 before trial, so that that could factor into the plea decision. That's right. I think that in effect the fact that the record also that Mr. Castro didn't have effective assistance of counsel, whether it's the lawyer's fault or the judge's fault, is really clear in the change of plea hearing. When the judge asks him, did you have sufficient time or ample time to talk to your lawyer and are you satisfied with the performance of your lawyer, where the judge had just said that the lawyer's performance was inadequate and had just allowed, you know, only basically five minutes to talk about it, and the judge perceives that there's a grimace in response to that question, a yes but a grimace, and understands what the grimace means, and also understands that Mr. Castro kind of feels forced into pleading guilty. But the court doesn't do anything to offset the effect of that force. And I just would ask this court to compare the change of plea colloquy here with the very careful steps Judge Woodlock took in Gaffney to explore whether there was a deprivation of the Sixth Amendment right to counsel, and to submit that clearly there was a Sixth Amendment violation here. I want to make sure you get to the sentencing. Yeah. Thank you, Your Honor. And the burglary. Yes, I appreciate that. Okay. So on the sentencing, none of Mr. Castro's priors are career offender predicates. And so very quickly, the PSR says that the plea was for attempted burglary. Attempted burglary in Puerto Rico is a misdemeanor. Misdemeanors in Puerto Rico are punishable by up to 90 days. The government concedes in its brief that the plea was to attempted burglary. And just so as a matter of law, attempted burglary under Puerto Rico laws, it's defined in Puerto Rico law, is simply not a felony punishable by more than one year. That's number one. What do we do with the fact that that wasn't raised below? So with respect to all of the – so none of these things were raised below. Counsel didn't raise any of these things below. And I submit that this case is different from all of the cases where this court has put a burden on a non-objecting appellant, you know, the appellant who didn't object below, on appeal to produce check for documents or show that something would make a difference for two reasons. The first, which this court acknowledges is kind of an exception to that rule in Toronto is the law changed dramatically between the time of the sentencing and that. The only thing on that, not with respect to the misdemeanor point. That's true. That is correct. Not with respect to that. So what do we do about that particular aspect of it? That's clearly plain error. That is clearly plain error. There is nothing that could happen below that could change this, that it's been stipulated that this was attempted burglary. The law says it's a misdemeanor. And that's the end of it, I submit. And I take it the government doesn't argue it was waived here, they just argue plain error applies? Correct. Is the change in law the decision in Deschamps? It's both Deschamps and also now the Johnson case. So previously there was precedent in this circuit saying that burglary and robbery are crimes of violence under the guidelines. So those precedents are either undermined by Deschamps or now, I say, overruled by Johnson because Johnson invalidated the ACCA residual clause and those cases relied on the guideline residual clause which is identically worded. Yeah, but it's not mandatory anymore after Booker and the Seventh Circuit has said that under those circumstances you don't apply the void for vagueness doctrine. Yes, but this court, first of all, because of the identical language, this court has repeatedly held that the two residual, the case law regarding the two residual clauses. The interpretation is the same, but the question is whether the same constitutional rules apply. I want you to continue on this a bit because it's an important issue for us. Okay, so regarding the Johnson issue. So first of all, the court has applied some constitutional provisions to the guidelines. The Supreme Court has said the ex post facto provision applies to the guidelines. That rings of notice and so does this. Secondly, the reasons the court gave in Johnson for the invalidating the residual clause apply 100% here. That nobody could know what it means. It doesn't provide notice to anybody. Nobody could counsel a client about what it means and that the enforcement has been arbitrary. And one can see that in this court's precedence in terms of as the law changes, the court repeatedly has to go back and change what it has said about predicate offenses. I do want to just say the really dispositive point about burglary is the discamps argument in the brief, that it lacks the essential element of unlawful entry. That only takes us to the residual clause, which the camp didn't address. That's correct, Your Honor. So then to decide that, we have to decide that Johnson, either that it doesn't apply under the residual clause, even though some circuits have said otherwise. But can you say a word about why it wouldn't apply under the residual clause, assuming the residual clause is not unconstitutional? Well, if the residual clause applies, then there is precedent in this circuit saying that under the residual clause, burglary and robbery are crimes of violence. Are crimes of violence. If the residual clause applies, yes. So then we would have to reach the constitutional question for you to win on that, unless you're right about the misdemeanor point. That's correct, yes. I will say, though, that the government here relies on the residual clause with respect to the burglary offense, but it does not rely on the residual clause with respect to the robbery being a crime of violence. And so I would submit that that position is waived. Thank you. Thank you, Your Honor. Good morning, Your Honors. May it please the Court, Susan Jorgensen for the United States. Your Honors, I'm afraid there have been some misunderstandings of the record in this case. First, I'd like to point out that the residual clause was never used in this case. Secondly, he was not sentenced as an armed career criminal or a career offender. I have Mr. Castro's records of conviction. Is the burglary a misdemeanor? No, that's not correct. It's a felony, Your Honor, in Puerto Rico. And I have his records of conviction. Attempted burglary is a felony? Yes. Okay. So if you look, he was sentenced under 2K2.1, which gives the base offense level. And 2K2.1 refers you to USSG 4B1.2 for definitions. And there it says that a felony conviction means a prior federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is a felony or a misdemeanor under the state law. And then you go further into the notes of that section. And it specifically states that attempt is included as a felony. But under Puerto Rico law, is attempted burglary punishable for more than one year? Yes, and it is a felony. Is attempted burglary punished by more than one year? Yes. And I have the records of conviction, and I have the translations of the statutes and the records of conviction, which the court had access to. I believe they're public record. They didn't show up in Defense Appeals Council's appendix, but they are public record. And we have them, and the PSR relied on them. So he was convicted. You've given up on the drug offenses? I'm sorry? You've given up on the drug offenses? Well, I haven't given up, Your Honor, but they're not necessary, and we do have translations of those as well. But you don't argue in your brief that those count, do you? No, they're not argued in the brief that they count. And there's no indication the district court relied on them? Because we don't know what he relied on. There is no indication. We just know there's a list, and then he comes up with a conclusion. We do know that he saw these records, these state records. Right, we know he saw all the convictions. He said there were two crimes of violence. We don't know which ones he's talking about. That's correct, but there were more than two. So you're saying the two are that we should rely on are the robbery and the burglary? I would submit that that's all that's necessary to rely on. However, you can look at the record, and you would see that, indeed, the drug offenses also qualify. And even if we don't know the district judge actually relied on those two and the government doesn't argue that those are the two, we should just say those are the two? In the PSR, it actually recited these. No, I understand that, but there's no indication the judge actually concluded himself that they qualified. So I just don't quite understand what we're engaged in here in affirming his sentence. Right. When it's unclear from the record which of the four convictions or five convictions were the ones that he thought were the crimes of violence, if we're going to affirm that judgment, I would think we'd at least be limited to what the government suggests are the convictions that the district court relied on. Well, all of them were in the record in the PSR. But isn't there some duty of explanation on the part of the district court? I mean, here the district court is going to make an upward adjustment in the offense level that's going to have substantial consequences for the defendant for sentencing. Isn't there some duty to explain why that upward adjustment is justified? Your Honors, I would submit as an initial matter there were no objections to the PSR, there were no objections at sentencing, and the reason is because I believe defense counsel was concerned that possibly his client would qualify for the Armed Career Criminals Act, which would have carried a statutory minimum of 15 years. So I think they were happy with what they were getting, and that's why there were no objections. Although that's speculation. That just goes to the fact that we can treat as factual what's in the PSR. Correct. As to the legal conclusion, which qualifies or not, the defense attorney can't stipulate to whether it is in fact a crime of violence, he can just stipulate to the fact of the conviction, I would assume. It's a legal conclusion whether it qualifies as a crime of violence. The judge has to make that decision. Except that it specifically says in the statute that it is. It says burglary is. Both. It says... And robbery is mentioned in the guideline, too. My only point is, I'm just a little bit confused as to, among the many convictions there, the judge has not told us which one he's relying on. That is correct. Why doesn't the judge have an obligation to say, these are the convictions on which my sentence is based, since I'm now imposing a higher sentence on the basis of two crimes of violence? Why can't we just get from the judge, shouldn't we have to get from the judge a statement as to which are the crimes of violence that supports that conclusion? Well, Your Honor, first I would say, just to clarify, it's not an upward variance. It's a sentencing guidelines range, and it's 2K2.1. And secondly, all of those crimes qualified, and they were all in the PSR. There was no objection. So I think that his duty to explain is not as great as had there been an objection. The only thing I can point Your Honors to in terms of him explicitly... Did the PSR say that all four offenses were crimes of violence under the sentencing guidelines? The PSR did show that the burglary and the robbery were crimes of violence. I am not sure, honestly, off the top of my head, whether it classified the drug crimes as crimes of violence or qualifying. But you're right, the brief's focus was on the burglary and the robbery, because our position was that that was more than sufficient. And the burglary, you say, falls within the residual clause? No, the residual clause is not implicated at any point because both of these statutes specifically say that violence is involved. So there was no reason for the district court to interpret whether or not the act was violent. So Johnson does not apply. The residual clause was never used. It's in the statute that it's an act of violence. In the Puerto Rico statute? Correct. What does it say? It says, let me find this for you. Okay, Article 198. Any person who unlawfully takes personal property belonging to another in the immediate presence of said person and against his or her will by means of violence or intimidation shall incur a third-degree felony. But isn't intimidation the whole problem? That's the whole issue is whether intimidation. And I thought we had some case law suggesting violence is different than intimidation. Well, the fact is, okay, as an initial matter, I would point out that he didn't object to the facts as specified in the PSR, which means that he admitted to the events as they unfolded. There was no objection to the PSR. But we don't look at the facts of the conduct. We look at the record of conviction. It could have been intimidation. The conviction has a divisible offense. It could have been intimidation. It could have been violence. So we could only find that it obviously qualifies if we treated intimidation as the same as violence. Not if he admitted to the facts in the PSR because the PSR shows that he was carrying an armed weapon and he was. That's the conduct, not what he was convicted of. We don't know which of the two prongs of the statute he was convicted of, violence or intimidation, regardless of what his conduct was. In other words, does the record contain the plea, colloquy, the sentencing, some part of the record of conviction of the briglary? No, the record shows that he was convicted under that statute. No, it shows simply that he was convicted under that statute. And the statute reads, by means of violence or intimidation. And he did agree to the facts. You've got a problem, right? You've got a problem. I don't think so because he agreed to the facts, as I show in the PSR, that he was carrying an armed weapon. But that's not Shepard material. That doesn't show what he was convicted of. That shows what he did. But I would submit that you never need to get to investigating any kind of interpretation because he admitted to what he did, the facts in the PSR. So is your argument that because he admitted the facts and because those facts indicate or hint at least that the violence prong is involved, the lack of any objection and the fact that this is on plain error review gives us a basis for affirmation? Yes, Your Honor. But we've never held that before. We've never held, in fact, I think we've said before, it's unclear whether we should be looking at facts for purposes of plain error review. Because if you just read Shepard, the question isn't what did he say he was doing and what did he actually do. The question is what he was convicted of. And the only thing that could tell us what he was convicted of would be legal Shepard materials. People say I did the following things. I can still be convicted of something that was just intimidation. But the PSR said that he was convicted of crimes of violence and he admitted to that. But the PSR based that only on the statute, which has the divisible prong. That's just the legal conclusion, which could be incorrect. I would argue that if he admits that they were crimes of violence, then that argument for him is foreclosed. We should treat that as a concession that he was convicted of the violence prong rather than the intimidation prong? Yes, because there were no objections to the PSR. And I believe that the reason was because he was aware that his record might qualify him for much more. So that's why it was a knowing and voluntary plea. And on the robbery, is the residual clause implicated in the robbery conviction or not? Article 204 is, no, but I will read it to you. Article 204 is, if the burglary crime is committed in an inhabited building, the offender shall incur a third degree felony. And it refers back to 4831, which is any person who enters a dwelling, building, or other construction or structure or its dependencies or annexes with the purpose of committing any crime involving an unlawful taking or felony shall incur a misdemeanor. But then if it's inhabited, it becomes a felony. That's the burglary? That's the burglary. Were we just talking about the robbery? The robbery was the one that I read to you before, 198. And the residual clause is not implicated in the robbery for the reasons you just gave? Right. Okay. With respect to burglary, is the residual clause implicated? Is that the basis for your conclusion that the burglary? No, it's not implicated because burglary is specified in USSG 4B 2.1. Burglary is, but here I thought that the Puerto Rico law didn't have an unlawful entry element in it. It does. How would that comport with the intimidation approach? I think we got confused. I think you meant intimidation applied to robbery. That's correct. That whole discussion was about robbery, not burglary. Yeah, that was 198. We're now on. Burglary is specified as a crime of violence in USSG 4B 1.2. Yeah, but DeCamps holds that that is generic burglary, which requires an unlawful entry element. Right. So it says any person who enters a dwelling with the purposes of committing a crime, and then that's 203. And then it becomes 204, aggravated burglary. If the burglary crime described in 203 is committed in an inhabited building, then the offender shall incur a third-degree felony. Right. So neither of those have the element of unlawful entry that DeCamps seemed to require in order for it to count as generic burglary under the guideline, or under the statute there, here, the guideline. Well, the purpose of committing any crime, I would say, is an unlawful entry. Why? That's just my intent to go in. It doesn't mean I wasn't invited, or the door wasn't open. I see what you're saying. Well, I mean, I would go back to the fact that he admitted that these were crimes of violence. So even if you don't agree that the statute's causing it. You can't admit to it. I understand in the divisible context, but if the whole statute just can't be a crime of violence under DeCamps, he can't admit to that unless you're relying on the residual clause. If you are relying on the residual clause for the burglary? It's my position that the statute covers it. However, if you go to the residual clause, he admitted again to the activity. He admitted it was a crime of violence in the PSR, and he raised no objections at sentencing. So I don't see how the court made any interpretation if he's admitting to the fact that it was a violent crime. I don't see how you get to the residual clause where there's any interpretation by the court if he made the admission. Well, imagine it was check fraud, and he admits to it being a crime of violence. That doesn't make it a crime of violence that we have to affirm. I suppose it could be a crime of violence if there was some violent aspect involved in the check fraud. But the point here is if we have a crime that just legally can't be a crime of violence, his admission that it is can't be binding. Well, this could be a crime of violence. So that's not how. It can't be under DeCamps other than, I think, under the residual clause. So are you relying on the residual clause? I would submit that he didn't rely on it because of the admission, and I would submit that the language of the statute is clear, but I can submit these statutes I brought copies of, Your Honors, to review and see if that satisfies you as to that issue. Anything you wish to submit to us, you better do it under Rule 28J. Okay. And furnish copies to the other side. I did give a copy to counsel, yes, Your Honors. Thank you.